Cyngiel v Krigsman (2024 NY Slip Op 00997)

Cyngiel v Krigsman

2024 NY Slip Op 00997

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-03169
 (Index No. 523029/16)

[*1]Mordechai Cyngiel, etc., respondent,
v
Rima Krigsman, etc., et al., appellants.

David A. Robinson, New York, NY (Albert Y. Dayan of counsel), for appellants.
Wenig Saltiel LLP, New York, NY (Howard S. Bonfield of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting, the defendants appeal from a protective order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 8, 2022. The protective order, insofar as appealed from, adopted certain provisions proposed by the plaintiff for the protective order.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
The plaintiff commenced this action, inter alia, for an accounting of rent money allegedly collected by the defendants on real property owned or partially owned by the plaintiff. In 2020, the plaintiff moved, inter alia, to compel the defendant Rima Krigsman to disclose her personal tax returns, and in an order dated March 9, 2021, the Supreme Court, among other things, granted that branch of the motion. The defendants appealed from that order (see Cyngiel v Krigsman, ___ AD3d ___ [Appellate Division Docket No. 2021-02330; decided herewith]).
The defendants then moved pursuant to CPLR 3103 for a protective order to protect the confidentiality of Krigsman's personal tax returns. In an order dated September 2, 2021, the Supreme Court granted the defendants' motion and directed each party to file a proposed protective order. In a protective order dated March 8, 2022, the court adopted the plaintiff's proposed protective order. The defendants appeal from the protective order, challenging certain provisions of the protective order adopted by the court.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (id. at 713-714). Accordingly, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal" (id. at 714; see Matter of Village of S. Blooming Grove v Village of Kiryas Joel Bd. of Trustees, 175 AD3d 1413, 1415).
Here, the protective order was sought and entered to protect the confidentiality of [*2]Krigsman's personal tax returns, which she was directed to disclose in the March 9, 2021 order. However, in light of this Court's determination on the appeal from the March 9, 2021 order (see Cyngiel v Krigsman, ___ AD3d ___ [Appellate Division Docket No. 2021-02330; decided herewith]), inter alia, reversing that order insofar as appealed from, directing the plaintiff and his counsel to return any and all copies of Krigsman's personal tax returns that they received pursuant to the March 9, 2021 order, and precluding the plaintiff from using those tax returns or any information obtained from those tax returns in this action, a protective order protecting the confidentiality of Krigsman's personal tax returns no longer serves any purpose. Thus, a determination of this appeal would not directly affect the rights of the parties, and the appeal must be dismissed as academic (see Matter of Village of S. Blooming Grove v Village of Kiryas Joel Bd. of Trustees, 175 AD3d at 1415).
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court